UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KHARI S. VARNER, et al.,

    Plaintiff(s),

v.

JUDGE GULIANI, et al.,

    Defendant(s).

Case No. 2:23-cv-01869-RFB-NJK

**ORDER**

This case is currently before the Court regarding proceeding *in forma pauperis* and screening under 28 U.S.C. § 1915.

**I.   BACKGROUND**

On November 14, 2023, Plaintiff Khari Varner filed an application to proceed *in forma pauperis*, along with various papers seeking to initiate this lawsuit. Docket No. 1. On December 11, 2023, the Court ordered Plaintiff to file a complaint by January 5, 2024. Docket No. 2. In particular, the Court found that "Plaintiff has not . . . filed a complaint clearly identifying each defendant being sued, the factual allegations upon which suit is brought, Plaintiff's cause(s) of action, a jurisdictional basis, and the relief sought" as is required by Rule 8(a) of the Federal Rules of Civil Procedure. Docket No. 2. The Court cautioned that the failure to comply with the order may result in dismissal. *Id.* at 1.

On January 17, 2024, having received notice that Plaintiff had moved, the Court extended the deadline to file the complaint to January 31, 2024. Docket No. 7. The Court again made clear that the amended complaint "must meet the Rule 8(a) requirements to clearly identify each defendant being sued, the factual allegations upon which suit is brought, Plaintiff's cause(s) of action, a jurisdictional basis, and the relief sought." *Id.* at 1. The Court cautioned that the failure to comply with the order may result in dismissal. *Id.* at 2.

On February 6, 2024, Plaintiff filed a motion to extend the time to file the complaint. Docket No. 8. On February 13, 2024, the Court granted that motion to extend and reset the deadline to file a complaint to March 14, 2024. Docket No. 9.

During this period, Plaintiffs[1] have peppered the Court with filings. Most pertinent to the matter at hand today, these filings have included: (1) two petitions for writ of habeas corpus, Docket Nos. 13, 17; and (2) seven complaints, Docket Nos. 10, 19, 19-1, 19-2, 22, 24, 27.

**II.    SCREENING COMPLAINT**

When a plaintiff seeks to proceed in a case without paying the filing fee, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). A proper pleading has not been filed yet for screening purposes.[2]

First, Plaintiffs have filed both petitions for habeas relief and civil complaints. *See* Docket Nos. 10, 13, 17, 19, 19-1, 19-2, 22, 24, 27. A plaintiff is not permitted to bring both a habeas petition and a Section 1983 civil rights claim in the same case. *See Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). If Plaintiffs are seeking habeas relief, they must seek that relief by initiating a separate case.[3]

Second, a pleading must be complete in and of itself without referencing other pleadings or papers on file. Local Rule 15-1(a); *see also, e.g.*, *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Plaintiffs in this case have filed numerous complaints. Docket Nos. 10, 19, 19-1, 19-2, 22, 24, 27. The Court

---

[1] The case was originally initiated by Plaintiff Khari Varner, *see* Docket No. 1, but subsequent filings have added other plaintiffs, *see, e.g.*, Docket No. 10. The Court will, therefore, hereinafter refer to "Plaintiffs" in the plural.

[2] As will be discussed below, the Court also requires an additional *in forma pauperis* application regarding financial inability to pay the filing fee.

[3] To be perfectly clear, the Court is expressing no opinion herein that Plaintiffs have any viable habeas claim to bring.

cannot piece together a pleading based on various different pleadings filed across the docket. *See, e.g.*, *Fletcher v. Dreesen*, 2023 WL 8933590, at *1 (D. Nev. Dec. 27, 2023) (declining to piece together claims from nine different "amended complaints").

Third, even were the Court to take the most recent "complaint" as the operative one, Docket No. 27, it fails on multiple levels. The complaint is not signed. *Compare* Docket No. 27 at 7 *with* Fed. R. Civ. P. 11(a). The complaint is largely blank and fails to provide the basic information necessary to satisfy Rule 8, including clearly identifying the factual allegations upon which suit is brought, each defendant being sued and on which claim(s), and the relief sought. *See* Docket No. 27. With respect to the relief sought, the Court must note that Plaintiffs appear to be utilizing this case in an effort to reverse state court proceedings in which their children were removed from their custody and/or obtain injunctive relief returning those children to their custody in contradiction of the state court proceedings. *See, e.g.*, Docket Nos. 13, 25, 28. It is well settled, however, that a federal district court does not have appellate jurisdiction over a state court, whether by direct appeal, mandamus, or otherwise. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). It is also well settled that, if the state court proceedings remain ongoing, a federal court cannot generally interfere with those state proceedings even if they raise issues of federal rights or interests. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *see also Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir. 1987).

Accordingly, the Court has not been provided a proper complaint for screening and, even were the Court to screen the most recently-filed complaint, Plaintiffs have not complied with Rule 8 or stated a claim on which relief can be granted. The Court will afford Plaintiffs a final opportunity to file <u>one</u> amended complaint <u>that is complete</u> in and of itself and that <u>satisfies the pleading requirements of Rule 8</u>. If Plaintiffs are seeking habeas corpus relief, they must seek that relief by initiating a separate case.

### III.     IN FORMA PAUPERIS APPLICATIONS

When seeking to proceed with a federal lawsuit without payment of the filing fee, each plaintiff must file an application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); *see also Remmert v. Newsome*, 2023 WL 1806277, at *1 (E.D. Cal. Jan. 31, 2023). The Court will not

require such an application with respect to any minor children plaintiffs,[4] but it does appear that there are at least two adult plaintiffs in this case: Khari Varner and Tera Strawter. The Court has not received an application to proceed *in forma pauperis* filed by Tera Strawter. Accordingly, the Court will defer at this time in deciding the application to proceed *in forma pauperis* filed by Khari Varner, and Plaintiff Tera Strawter must file her own application to proceed *in forma pauperis*.

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs' various habeas petitions and complaints are **DISMISSED** without prejudice. Plaintiffs have a final opportunity to file one amended complaint that is complete in and of itself and that satisfies the pleading requirements of Rule 8. That amended complaint must be filed by May 20, 2024.[5] In addition, Plaintiff Tera Strawter is **ORDERED** to file her own application to proceed *in forma pauperis* by May 20, 2024.

**FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL.**

IT IS SO ORDERED.

Dated: April 19, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] There very well could be other problems with potential claims brought by these children, including the fact that parents generally cannot bring claims on behalf of their children without an attorney. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). Because the Court at this point cannot discern the contours of the claims, however, it leaves such issues for another day.

[5] If Plaintiffs are seeking habeas corpus relief, they must seek that relief by initiating a separate case.